RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    MAXINE S. MAK (031158)
         ANNA G. CRITZ (034530)
         JOSEPH I. VIGIL (018677)
         makm@mcao.maricopa.gov
         critza@mcao.maricopa.gov
         vigilj@mcao.maricopa.gov
         Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Maricopa County,
Roseberry, Fu, Anderson, Caplinger, and Baker

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sean Pena,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix et al.,<br><br>    Defendants. | NO. CV-23-02156-SPL<br><br>**DEFENDANTS JEFFREY ROSEBERRY, CATHERINE FU, SANDRA ANDERSON, SAMANTHA CAPLINGER, MICHAEL BAKER, AND MARICOPA COUNTY'S MOTION TO DISMISS** |

Defendants Jeffrey Roseberry ("Roseberry"), Catherine Fu ("Fu"), Sandra Anderson ("Anderson"), Samantha Caplinger ("Caplinger"), Michael Baker ("Baker") (collectively the "Prosecutors") and Maricopa County (collectively, where appropriate, "County Defendants") jointly move to dismiss Plaintiff's First Amended Complaint ("FAC") under Rule 12(b)(6) of the Federal Rule of Civil Procedure for failure to state a

claim[1] because:

1. All claims against the Prosecutors are barred by absolute prosecutorial immunity;

2. Pena failed to serve a Notice of Claim on the County, Anderson, Baker, and Caplinger, consequently, his state law claims against them are barred by A.R.S. § 12-821.01.

3. If Plaintiff fails to allege a *Monell* claim against Maricopa County.

---

[1] The undersigned certifies that she complied with the requirements of LRCiv. 12.1(c). *See* Ex. 1, Certificate Regarding Good Faith Consultation.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Factual allegations.**

Plaintiff Sean Pena ("Pena") was employed as a City of Phoenix Police Officer when he was accused by Defendants Cynthia Ramirez ("Ramirez"), Krystoffer Lee ("Lee"), and Lisa Gutierrez ("Gutierrez") of sexual assault. (FAC ¶¶ 2-3, 12.) The Prosecutors participated in the Grand Jury presentation or prosecuted Pena after indictment. (FAC ¶¶ 22-23, 25-27.)

Baker and Caplinger presented charges to the Grand Jury based on Ramirez and Lee's accusations. (*Id*. ¶¶345-46.) Caplinger and Anderson presented charges to the Grand Jury based on Lee, Ramirez and Gutierrez's accusations. (*Id*. 347-48.) Defendant Detective Michael Walker ("Walker") testified at both Grand Jury proceedings. (*Id*. ¶ 351.) During the Grand Jury presentations, the State did not present exculpatory evidence and presented misleading DNA evidence. (*Id*. ¶¶ 353-54.) Pena went to trial in May 2022 and was acquitted of sexually assaulting Lee. (*Id*. ¶¶ 357, 359.) The jury did not reach a verdict on the charges related to Ramirez and Gutierrez. (*Id*. 360.) Pena was retried on those charges in August 2022 and acquitted. (*Id*. ¶¶ 361, 374.)

The City of Phoenix fired Pena based on Ramirez and Lee's accusations. (*Id*. ¶ 381.) Pena appealed his termination, but the termination was affirmed. (*Id.* ¶¶ 382, 406.)

**II.    Civil case proceedings.**

Pena filed a Complaint in Maricopa County Superior Court on August 8, 2023. (Doc. 1-1 at 2-78.) Prior to serving the Complaint, Pena filed a FAC on September 7, 2023. (*Id*. at 80-159.) The FAC alleged causes of action for wrongful termination (Count I), breach of the covenant of good faith and fair dealing (Count II), malicious prosecution (Counts III-V), abuse of process (Counts VI-IX), tortious interference with contract and reasonable business expectancy (Count X), false imprisonment (Counts XI-XII), instigating or participating in false arrest and imprisonment (Count XIII), intentional infliction of emotional distress (Count XIV), aiding and abetting (Count XV), conspiracy

(Count XVI), 42 U.S.C. § 1983 malicious prosecution (Counts XVII-XIX), § 1983 Monell claim for malicious prosecution (Count XX), 42 U.S.C. § 1985 claim for civil conspiracy (Count XXI). Pena's claims against the Prosecutors are based allegations that in prosecuting Pena, they failed to present exculpatory evidence and/or presented misleading evidence to the Grand Jury (SAC ¶¶ 74, 267, 353, 476, 490, 504, 603, 622, 641) and prosecuted him without probable cause (*Id*. ¶¶ 321, 325, 327, 472, 486, 500). Pena's claims against the County are based on vicarious liability. (*Id*. ¶¶ 18, 22-23, 25-27, 38, 550-52, 562, 572.)

### III.   Legal standard on a motion to dismiss.

"Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8 does not require detailed factual allegations, to survive a motion to dismiss, Plaintiffs must allege facts sufficient to "nudge[] their claim[] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etermining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64. While a court may accept the factual allegations of a complaint as true, that tenet "is inapplicable to legal conclusions." *Id*. at 678.

### IV.   Prosecutors are absolutely immune from Pena's claims for damages.

"A prosecutor is entitled to absolute immunity under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process[.]'" *Goldstein v. City of Long Beach*, 481 F.3d 1170, 1173 (9th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are also immune to state law claims arising from

performance of prosecutorial functions. *See Arizona v. Superior Court (Ford)*, 186 Ariz. 294, 297 (App. 1996) ("[A]bsolute immunity is warranted when the prosecutor acts as an advocate in initiating a prosecution and presenting the state's case."). Prosecutorial immunity applies to § 1985 claims. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Whether prosecutorial immunity applies "depend[s] on the nature of the function performed, not the identity of the actor who performed it." *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) (citing *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). In evaluating the "nature of the function performed," the question is whether the alleged act was "intimately associated with the judicial phase of the criminal process." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (citations omitted). Where a prosecutor acts in their role as an advocate, they are entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987); *see also Imbler*, 424 U.S. at 428, 431 n.34; *Ford*, 186 Ariz. at 298 ("Ford's malicious prosecution and abuse of process claims were based on the filing of the complaint and the defendants' persistence in pursuing it despite their alleged knowledge that the claims were baseless. This conduct, however, is precisely the type protected by absolute prosecutorial immunity"); *Challenge, Inc. v. State ex rel Corbin*, 138 Ariz. 200, 204 (App. 1983); *Demaree v. State*, No. 1 CA-CV 13-0064, 2015 WL 994641, at *6-7 (Ariz. Ct. App. Mar. 5, 2015) (mem. decision) (absolute prosecutorial immunity applied to continued prosecution).

Here, Pena alleges that the Prosecutors decided to prosecute him for sexual assault, failed to present exculpatory information to the Grand Jury, presented misleading evidence at Grand Jury proceedings, prosecuted him without probable cause, continued to prosecute him, and failed to disclose exculpatory evidence. (FAC ¶¶ 112, 182, 263-67, 326-27, 333, 353-55, 357, 364.) Pena further alleges that the Prosecutors made false statements that Pena committed sexual assault. (FAC ¶ 674.) Each of the alleged acts are prosecutorial functions

that are intimately associated with the judicial phase of the criminal process. *See Imbler*, 424 U.S. at 431 (prosecutor absolutely immune when "initiating a prosecution and in presenting the State's case"); *Buckley*, 509 U.S. at 273 (prosecutor absolutely immune when evaluating evidence assembled by police and preparing to present it to grand jury to secure indictment or at trial); *Burns v. Reed*, 500 U.S. 478, 490 n. 6 (1991) (prosecutors absolutely immune for conduct before grand jury); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) (prosecutors absolutely immune when failing to disclose exculpatory evidence before, during, or after trial); *Roe v. City and Cnty. of San Francisco*, 109 F.3d 578, 584 (1997) (absolute immunity applies to prosecutor's evaluation of witness credibility); *Buckley*, 509 U.S. at 270 (prosecutorial immunity applies to "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings.") (citations omitted); *Challenge*, 138 Ariz. at 204 (absolute prosecutorial immunity bars claims arising out of initiation of prosecution, representations to trial court and defense, court filings, presentation of evidence). As Pena's claims against the Prosecutor Defendants are based on their performance of prosecutorial functions, the Prosecutor Defendants are entitled to absolute immunity and Pena's claims against them must be dismissed.

**V.     Pena's state law claims against the County, Anderson, Baker, and Caplinger are barred by A.R.S. § 12-821.01 because he did not serve them with a notice of claim.**

Under A.R.S. § 12-821.01, a person with a claim against a public employee must serve them with a notice of claim within 180 days from the date their cause of action accrued or else the claim is barred. A.R.S. § 12-821.01(A). Here, Plaintiff only served Roseberry and Fu with a notice of claim. He did not serve the County, Anderson, Baker, or Caplinger with a notice of claim. See Pl.'s Notice of Claim dated February 10, 2023 (Ex. A). Therefore, Pena's state law claims against the County, Caplinger, Anderson, and Baker must be dismissed.

///

### VI. Plaintiff fails to allege a *Monell* policy or custom claim against Maricopa County.

It is unclear whether Plaintiff is alleging a *Monell* claim against the County because the FAC does not explicitly identify a *Monell* cause of action against the County. The FAC does allege, however, that the MCAO "participated in a scheme to invent charges against policy protestors in 2021," and that "Maricopa County – through its employees – adopted practices to invent charges against individuals in the hopes of obtaining criminal convictions for political gain." (FAC ¶¶ 416, 417, 419.) The FAC further alleges that Plaintiff was prosecuted in 2020 because of the Me Too movement. (*Id.* ¶¶ 272-78, 416.)

Municipalities cannot be held vicariously liable for acts of its employees under § 1983. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A local government may be held liable when the person who committed the constitutional tort was a policymaker for the local government or that the policymaker ratified an unconstitutional act. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010). "[A] local government may be held liable when it acts pursuant to an expressly adopted official policy." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (cleaned up). "[A] public entity may be held liable for a longstanding practice or custom." *Id.* (cleaned up). "Absent a formal governmental policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (cleaned up). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

///

### A. Prosecuting criminal offenses and setting policy are State actions, not County actions.

To hold a local government liable for an official's conduct, a plaintiff must show that official (1) had final policymaking authority "concerning the action alleged to have caused the particular constitutional . . . violation at issue" and (2) was the policymaker for the local governing body—not the state—for the act at issue. *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781-785 (1997). When determining whether a county official acts as a policymaker for the state or the county, courts look to the official's "actual function…in a particular area," as defined by relevant state law. *McMillian*, 520 U.S. at 785-86. If the official acts on behalf of the state, dismissal of the *Monell* claim is appropriate. *Id*. at 793.

Under Arizona law, a county attorney is a county officer. *See* A.R.S. § 11-401. When prosecuting criminal offenses, however, a county attorney acts on behalf of the state. *See* A.R.S. 11-532 (county attorney shall "conduct, on behalf of the state, all prosecutions for public offenses") *see also, Milke v. Cty. of Phoenix*, No. CV-15-00462-PHX-ROS, 2016 WL 5339693, at *17 (county attorney acts on behalf of the state when prosecuting crimes). Similarly, when a county attorney makes policy about a prosecutorial function, they act on behalf of the state. *See e.g. Puckett v. Cnty. of Sacramento*, No. 2:22-cv-00350-KJM-DB, 2023 WL 2432919 *9 (E.D. Cal. Mar. 9, 2023) (*Monell* claim alleging a policy of *Brady* violations against county barred because district attorney acts on behalf of the state when setting policy related to prosecutorial functions) and *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000) (California district attorney is a state officer when deciding whether to prosecute). Here, Pena alleges that his constitutional rights were violated pursuant to a custom of prosecuting defendants for political gain. Deciding whether to prosecute is a prosecutorial function. *Imbler*, 424 U.S. at 431 n.33; *Roe*, 109 F.3d at 583 (holding that the decision to prosecute or not, is a prosecutorial function). It is a prosecutorial function "that may be the most critical determination in the entire prosecutorial process." *Roe*, 109 F.3d at 583. Because the custom Pena challenges relates

to whether to initiate a prosecution, it likewise is a prosecutorial function. Since a county attorney acts on behalf of the state, not the county, when prosecuting criminal offenses, a custom which determines whether to prosecute criminal offenses is also state action and Pena fails to state a *Monell* claim against the County Defendants.

### B. The allegations of the FAC do not plausibly show a custom or practice of political prosecutions.

To prevail on a custom and practice claim, the plaintiff must show that a well-established custom caused their injury. *See Gordon*, 6 F.4th at 974. Pena alleges two incidents—his prosecution and a group of protesters who were charged in 2021—in support of his *Monell* claim. (FAC ¶ 416.) The FAC does not allege any other facts about the circumstances of the 2021 case. Even assuming that the two incidents were similar, two incidents are insufficient to show a custom. *See Wettstein v. Cnty. of Riverside*, No. EDCV19-1298 JGB (KKx), 2020 WL 2199005, at *5 (C.D. Cal. Jan. 22, 2020) (collecting cases in the Ninth Circuit holding that two incidents, standing alone were insufficient to plead a custom under *Monell*). Moreover, Pena must show that the custom caused his injury. *Monell*, 436 U.S. at 694 (policy or custom must cause the plaintiff's constitutional deprivation). The subsequent incident related to the protesters cannot show that Pena was prosecuted according to a custom of political prosecutions. Accordingly, Pena fails to state a *Monell* claim.

### C. The official capacity claims against the Prosecutors are redundant.

An official capacity claim is another way of pleading a claim against the entity that employs the individual. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Pena has named the Prosecutors in their official capacities as well as the County. The official capacity claims against the Prosecutors are redundant and should be dismissed. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

## VII. Conclusion.

The law is clear—prosecutors are absolutely immune from civil claims arising from

their performance of act associated with the judicial phase of the criminal process— Pena's claims against the Prosecutors arise from such actions. Accordingly, Pena's claims against them must be dismissed with prejudice. Additionally, Pena failed to serve the County, Anderson, Baker, and Caplinger with a Notice of Claim, thus the state law claims against them must be dismissed with prejudice. Lastly, Pena fails to state a *Monell* claim against the County because 1) prosecutorial policy is state action, and 2) Pena fails to allege facts sufficient to show the existence of a custom or policy of prosecuting defendants for political gain.

RESPECTFULLY submitted this 8th day of November 2023

        RACHEL H. MITCHELL
        MARICOPA COUNTY ATTORNEY

BY:   /s/Maxine S. Mak
        MAXINE S. MAK
        ANNA G. CRITZ
        JOSEPH I. VIGIL
        Deputy County Attorneys
        *Attorneys for Defendants Maricopa County, Roseberry, Fu, Anderson, Caplinger, and Baker*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

Sean A. Woods, Esq.
Robert T. Mills, Esq.
MILLS + WOODS LAW, PLLC
5055 N. 12th St., Ste. 101
Phoenix, AZ 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Christina G. Retts, Esq.
Kathleen L. Wieneke, Esq.
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, AZ 85288
cretts@wienekelawgroup.com
kwieneke@wienekelawgroup.com
*Attorneys for City of Phoenix Defendants*

*/s/ A. Moreno*

S:\CIVIL\CIV\Matters\RM\2023\Pena v. COP, et al. 2023-0431\Pleadings\MTD DC.docx