Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix, Walker, and Williams*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual;<br><br>               Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel,<br><br>               Defendants. | NO. 2:23-cv-02156-SPL<br><br>**CITY DEFENDANTS' NOTICE REGARDING ORDER OF DISMISSAL REFERENCING POTENTIAL DEFAULT APPLICATION AGAINST DEFENDANTS LEE AND RAMIREZ (DOC. 47).** |

Defendants Williams, Walker, and the City hereby respond to the Court's Order regarding dismissal and referencing the potential of a default against Defendant victims Ramirez and Lee. This case involves claims against the City Defendants based upon the investigation of sexual assault allegations made by victim Defendants Ramirez and Lee (and

Defendant Gutierrez who has filed an Answer denying all allegations). Plaintiff bases his claims largely upon allegations that these victims gave false testimony at the criminal trial. Although Defendants' counsel does not represent Defendants Lee or Ramirez, as an officer of the Court, Defendants' counsel believes it is her obligation to provide the Court with the following authority pertaining to the claims asserted against Defendants Lee and Ramirez. *See Ledvina v. Cerasani*, 146 P.3d 70, 75, ¶ 14 (Ariz. App. 2006) (absolute immunity to citizen crime victims' statements to the police); *Green Acres Tr. v. London*, 688 P.2d 617, 620 (Ariz. 1984) (judicial proceedings privilege); *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) (immunity for testifying witnesses). Individuals that report crimes to police cannot be sued for their reports. Individuals who testify in grand jury, or at a criminal trial, cannot be sued based upon their testimony.

In *Bollfrass v. City of Phoenix*, 2:19-cv-04014-MTL (Doc. 90), the plaintiffs also sued the victim of a claimed assault. The defendants, represented by undersigned counsel, similarly raised the applicability of *Ledvina* immunity to the victim defendant in the Motion to Dismiss (as well as other arguments). In ruling on the motion to dismiss, Judge Liberti recognized that the court "may on its own initiative 'note the inadequacy of the complaint and dismiss it for failure to state a claim.' *Sparling v. Hoffman Constr. Co., Inc*, 864 F.2d 635, 638 (9th Cir. 1980)." In dismissing the claim against the victim, Judge Liberti ruled that "although the PHD defendants lack standing to contest the allegations against Ms. Maagard, the Court nonetheless notes the inadequacy of the Count and orders it dismissed. *See Sparling*, 864 F.2d at 638." (Doc. 90, p. 25). Notably, in *Bollfrass*, even though the claims against the victim were dismissed, the court later appointed counsel for the victim to assist her in the discovery and deposition process.

Defendants City of Phoenix and Sullivan previously filed a Motion to Dismiss (Doc. 42) raising immunity relating to witness testimony, reports by victims to law enforcement, and lack of a court process for the abuse of process allegations. Many of the arguments set forth in the Motion to Dismiss apply equally to Defendants Ramirez and Lee (and Defendant Gutierrez). The Court recently denied the Motion to Dismiss as moot following

1  the Plaintiff's dismissal of some of the claims. Defendants have revised the Motion to
2  Dismiss to remove the dismissed claims and intend to refile it by December 22, 2023.
3  Defendants Williams and Walker executed waivers of service and the new Motion to
4  Dismiss will incorporate their arguments as well.  Defendants are ready to refile the Motion
5  to Dismiss now, but have sent additional meet and confer correspondence and have not
6  heard whether Plaintiff intends to revise the complaint further. As this is a unique case
7  factually with what Defendants believe are legal bars to the claims, Defendants request that
8  the Court consider the City Defendants' Motion to Dismiss arguments before entering a
9  default, should Plaintiff proceed to seek a default in the case.

DATED this 15th day of December 2023.

>    WIENEKE LAW GROUP, PLC
>
> By: */s/ Christina Retts*
>    Kathleen L. Wieneke
>    Christina Retts
>    1225 West Washington Street, Suite 313
>    Tempe, Arizona 85288
>    *Attorneys for Defendants City of Phoenix, Walker, and Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Sean A. Woods
> Robert T. Mills
> MILLS + WOODS LAW, PLLC
> 5055 North 12th Street, Suite 101
> Phoenix, Arizona 85014
> *Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

> Lisa Gutierrez
> 400 W. Baseline Road
> Tempe, Arizona 85283
> *Defendant Pro Se*

By: */s/ Mica Mahler*