| | |
|---|---|
| 1 | Kathleen L. Wieneke, Bar #011139 |
| 2 | Christina Retts, Bar #023798<br>WIENEKE LAW GROUP, PLC |
| 3 | 1225 West Washington Street, Suite 313<br>Tempe, Arizona 85288 |
| 4 | Telephone: (602) 715-1868<br>Fax: (602) 455-1109 |
| 5 | Email: kwieneke@wienekelawgroup.com<br>Email: cretts@wienekelawgroup.com |

*Attorneys for Defendants City of Phoenix, Walker, and Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual; | NO. 2:23-cv-02156-SPL |
| Plaintiff, | **DEFENDANTS CITY OF PHOENIX, WILLIAMS, AND WALKER'S MOTION TO EXCEED PAGE LIMITATION FOR MOTION TO DISMISS** |
| vs. | |
| City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel, | |
| Defendants. | |

Defendants City of Phoenix, Williams, and Walker move the Court for permission to exceed the 17-page limit for its Motion to Dismiss and file a 28-page Motion to Dismiss Plaintiff's Complaint. The 28-page Motion includes the caption.

Defendant City of Phoenix and Sullivan previously filed a Motion to Dismiss, which the Court deemed moot following the dismissal of various of the Plaintiff's claims. (Doc. 42). The Court previously granted these Defendants' Motion to Exceed to file a 30-page Motion to Dismiss. (Doc. 32). Because Defendant City was still named in multiple claims, the City revised its previously filed Motion to Dismiss to remove the claims that Plaintiff dismissed and argue only those claims that remain. Defendants Williams and Walker had previously filed a Joinder in that Motion to Dismiss that this Court denied as moot. The refiled Motion to Dismiss is now two pages shorter and includes all City Defendants. This refiling avoids the Court having to track through what claims were dismissed and what claims are still viable. All arguments in the new Motion to Dismiss relate to claims that the Plaintiff did not voluntarily dismiss.

Although Plaintiff voluntarily dismissed five claims and Chief Sullivan, Plaintiff's Complaint still contains fourteen separate claims, relating to criminal charges stemming from three separate allegations of sexual assault. Defendants have numerous defenses, including failure to comply with the Notice of Claim ("NOC") and statute of limitations for the state law claims. Defendants must raise the insufficiency of the NOC and timeliness defenses now, or risk claims of waiver being made by Plaintiffs.

In addition, Defendants are raising bars of absolute immunity to a number of the claims. *See Ledvina v. Cerasani*, 146 P.3d 70, 75, ¶ 14 (Ariz. App. 2006) (absolute immunity to citizen crime victims' statements to the police); *Green Acres Tr. v. London*, 688 P.2d 617, 620 (Ariz. 1984) (judicial proceedings privilege); *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) (immunity for testifying witnesses); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (Prosecutors are entitled to prosecutorial immunity "when performing functions 'intimately associated with the judicial phase of the criminal process.'"). As absolute immunity is immunity from suit, it should be decided at the earliest practical time to avoid costly litigation. Although the Defendants do not represent Ms. Lee,

Ms. Gutierrez, or Ms. Ramirez (the victims[1]), the arguments that they are making related to immunity will apply to them. It is Defendants' position, for example, that Plaintiff cannot base his litigation—against any Defendant— on the victim's reports to police, which are subject to absolute immunity as complaining witnesses pursuant to *Ledvina*. Nor can he base his litigation on testimony given by any person—Detective Walker or the victims—based upon *Rehberg*.

Defendants have endeavored to be as concise as possible in their Motion to Dismiss, but due to the complexity of this case, request the Court's permission to exceed the page limitation and file a 28-page Motion to Dismiss (including the Caption). Defendants have revised the brief numerous times attempting to further reduce the length but believe that additional revisions will adversely affect the content of the briefing.

DATED this 22nd day of December 2023.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants City of Phoenix, Walker, and Williams*

---

[1] These women were designated as victims in the criminal cases and, as a result, are referred to as such in this request.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Sean A. Woods
> Robert T. Mills
> MILLS + WOODS LAW, PLLC
> 5055 North 12th Street, Suite 101
> Phoenix, Arizona 85014
> *Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is a not a registered participant of the CM/ECF System:

> Lisa Gutierrez
> 400 W. Baseline Road
> Tempe, Arizona 85283
> *Defendant Pro Se*

By:  */s/ Mica Mahler*