Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix, Walker, and Williams*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual;<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel,<br><br>　　　　　　Defendants. | NO. 2:23-cv-02156-SPL<br><br>**CITY DEFENDANTS' MOTION FOR ENTRY OF RULE 54(b) JUDGMENT**<br><br>**AND CERTIFICATE OF CONFERRAL** |

Defendants City of Phoenix, Williams, Sullivan, and Walker respectfully move for entry of judgment in their favor, dismissing all claims with prejudice under Fed.R.Civ.P.

Rule 54(b).[1] The following procedural history, stipulations to dismiss without prejudice, and Court rulings support the City Defendants' request.

On October 17, 2023, the City Defendants removed this case to federal court. (Doc. 1). On November 8, 2023, Defendants lodged their Motion to Dismiss, which was accepted and filed on November 17, 2023 (Docs. 25, 33). On December 7, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of Claims. (Doc. 37). Plaintiffs agreed to dismiss, without prejudice, Count XI (false arrest-3/09/2020), XII (false arrest-7/24/2020), XIII (instigating false arrest), XXI (conspiracy to violate civil rights), and XII (defamation). Defendants' Motion to Dismiss argued Notice of Claim and statute of limitations bars to these claims and the existence of probable cause as a bar. (Doc. 33).

After the voluntary dismissals of some claims, on December 22, 2023, Defendants filed a second Motion to dismiss (Doc. 50 (lodged) and 67 (filed)). On April 24, 2024, this Court entered an Order dismissing Counts I, II, IV, VI, VII, VIII, IX, and XIV, with prejudice. (Doc. 84, p. 16). As to Counts III, V, XV, XVI, XVII, XVIII, and XIX, the Court gave Plaintiff the opportunity to amend, but ruled that: "Plaintiff shall file a Second Amended Complaint—sufficiently addressing the concerns identified in this Order—by no later than May 20, 2024. Plaintiff is advised that his claims will be dismissed with prejudice if his Second Amended Complaint fails to address the deficiencies pointed out by this Order." (*Id.* at p. 17). The only claim not addressed by the Motion to Dismiss was Count X. After the ruling, Defendants met and conferred with Plaintiff and requested that this claim be dismissed because the Court's reasoning on timeliness applied equally to this claim. On June 4, 2024, Plaintiff agreed to dismiss the sole remaining claim against the City Defendants, Count X.

---

[1] Prior to filing this Motion, Defendants' counsel certifies conferral with Plaintiffs' counsel. On December 5, 2024, Defendants' counsel sent correspondence regarding the claims against the City and advising of an intent to proceed with requesting the relief set forth in this Motion. Defendants requested Plaintiffs' position and did not receive a response as of the date of this filing.

Plaintiff did not move to amend by May 20, 2024. As a result of this Court's Order advising that dismissal would be with prejudice if there was no amendment, Counts III, V, XV, XVI, XVII, XVIII, and XIX should be dismissed with prejudice.

Since the Plaintiffs' original stipulation for dismissal without prejudice, dated December 7, 2023, eleven months have passed. *See* A.R.S. § 12-504(A) (Arizona's Savings Statute provides six months to refile a claim that is voluntarily dismissed). Plaintiffs made no attempt to amend to reassert any of these voluntarily dismissed claims by the Court's May 20, 2024, deadline either. Months have passed and Plaintiffs have done nothing to try to resurrect these untimely claims. As for Count X, Plaintiff agreed to dismissal of this untimely claim six months ago. He did not take any action to timely reassert this claim either.

The only remaining Defendants are the victims and Plaintiff has taken no action with respect to them in the last six months. Plaintiffs' claims against them are wholly distinct from the claims asserted against the City Defendants.

The City Defendants are entitled to finality in this matter, in the form of a dismissal with prejudice and entry of judgment. Delay means that years could go by with the Defendants hanging in limbo. This is particularly troubling as the claims that were voluntarily dismissed with prejudice lacked merit and were untimely in the first place, which Plaintiff essentially conceded by moving to dismiss without prejudice. As to the claims that were subject to the Motion to Dismiss, Plaintiff has no viable basis for appeal because he did not make any effort to amend within the Court's deadline. There is similarly not a reasonable basis for appeal of meritless voluntarily dismissed claims that now appear to be abandoned.

DATED this 12th day of December 2024.

                            WIENEKE LAW GROUP, PLC

                By:   */s/ Christina Retts*
                       Kathleen L. Wieneke
                       Christina Retts
                       1225 West Washington Street, Suite 313
                       Tempe, Arizona 85288
                       *Attorneys for Defendants City of Phoenix, Walker, and Williams*

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Sean A. Woods
>Robert T. Mills
>MILLS + WOODS LAW, PLLC
>5055 North 12th Street, Suite 101
>Phoenix, Arizona 85014
>*Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

>Lisa Gutierrez
>400 W. Baseline Road
>Tempe, Arizona 85283
>*Defendant Pro Se*

By:  */s/ Mica Mahler*