Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel,<br><br>    Defendants. | Case No.: CV-23-02156-PHX-SPL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION FOR ENTRY OF RULE 54(B) JUDGMENT**<br><br>(Assigned to the Honorable Steven P. Logan) |

Through counsel undersigned, Plaintiff Sean Pena ("Plaintiff") hereby responds in opposition to the "City Defendants' Motion for Entry of Rule 54(b) Judgment," ECF No.

88 ("City Defendants' Motion") filed by Defendants City of Phoenix, Williams, Sullivan, and Walker (collectively, "City Defendants").  City Defendants' Motion should be denied to the extent it requests entry of a Rule 54(b) judgment in City Defendants' favor[1], as applicable caselaw from the Ninth Circuit and District of Arizona make clear that entry of a Rule 54(b) judgment is only appropriate in rare or unusual situations, and to overcome harsh injustices, circumstances that are simply not present here.

"[The Ninth Circuit] has [ ] repeatedly admonished that 'Rule 54(b) should be used **sparingly**.'" *Vota v. Hobbs*, No. CV-21-01423-PHX-DWL, at *5 (D. Ariz. Nov. 2, 2022) (emphasis added) (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)) (citing *Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985)).  Such judgment is appropriate only in "sufficiently **unique** circumstances," not "relatively routine" ones, *see Johnson v. Brady*, No. CV-14-01875-PHX-DGC, at *3 (D. Ariz. Oct. 23, 2015) (emphasis added), and is reserved for "***unusual***" actions, *Frank Briscoe*, 776 F.2d at 1416 (emphasis added).

Because "[a] Rule 54(b) determination . . . starts the time for appeal running," *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995), such determinations are "scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units," *Source Capital Funding Inc. v. Barrett Fin. Grp.*, No. CV-23-02113-PHX-DWL, at *3 (D. Ariz. June 10, 2024) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991)); *see also Martinelli v. Petland, Inc.*, No. CV-09-529-PHX-DGC, at *2 (D. Ariz. Apr. 7, 2010)

---

[1] City Defendants' Motion also requests that all claims against City Defendants be dismissed with prejudice.  Plaintiff does not object.

("[Rule 54(b)] was not meant to displace the 'historic federal policy against piecemeal appeals.'" (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n. 2 (9th Cir. 2004))). Accordingly, "[j]udgment under Rule 54(b) is not appropriate in routine cases where the risk of 'multiplying the number of proceedings and of overcrowding the appellate docket' outweighs the 'pressing needs of the litigants for an early judgment.'" *Johnson*, No. CV-14-01875-PHX-DGC, at *2 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (citing *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).

Entering Rule 54(b) judgment for City Defendants would compel Plaintiff, out of necessity, to file an immediate appeal of the Court's dismissal of certain of his claims against them. City Defendants dispute that Plaintiff may appeal, as they make the passing assertion, without authority or explanation, that "Plaintiff has no viable basis for appeal because he did not make any effort to amend within the Court's deadline." City Defs.' Mot. 3:20-21, ECF No. 88. This argument makes no sense because most of the Counts dismissed by the Court were dismissed with prejudice, without opportunity to amend. *See* Order 16:22-17:10, ECF No. 84. As to the Counts dismissed without prejudice and with opportunity to amend, City Defendants do not explain why Plaintiff's failure to amend precludes his ability to appeal their dismissal.

Such an appeal, if made necessary by entry of 54(b) judgment for City Defendants, would then proceed in the Ninth Circuit at the same time Plaintiff's claims against Defendants Lee, Ramirez, and Gutierrez (collectively, the "Remaining Defendants") continue to proceed in this Court. Once those remaining claims are adjudicated, an appeal

by one or both sides would likely occur.  In other words, entry of a Rule 54(b) judgment at this time would very likely result in just the sort of piecemeal appeals, multiplicity of proceedings, and overcrowding of the appellate docket warned of in the above caselaw. *See, e.g.*, *Johnson*, No. CV-14-01875-PHX-DGC, at *2.

"Similarity of . . . factual issues [in the adjudicated and unadjudicated claims] weigh[s] heavily against" entry of Rule 54(b) judgment. *Villa v. Collins Court Apartments*, No. CV-18-03332-PHX-MTL, at *16 (D. Ariz. Feb. 10, 2020) (quoting *Frank Briscoe*, 776 F.2d at 1416); *see also First Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, at *2 (D. Ariz. Aug. 10, 2016) (denying Rule 54(b) motion because, inter alia, Plaintiff's separate legal claims involved common and intersecting facts)).  Here, Plaintiff's dismissed claims against City Defendants and his claims against the Remaining Defendants involve similar, common, and intersecting facts.  The claims against the Remaining Defendants concern false reports and claims made to police about Plaintiff that caused City Defendants to arrest him, aid in prosecuting him, and terminate his employment as a police officer.  The claims against City Defendants are for that same arrest, prosecution, and termination.  The factual issues are similar, common, and intersecting because a large portion of the facts underlying the Remaining Defendants' false claims to police are identical to the facts underlying City Defendants' purported grounds for arresting, aiding in prosecuting, and terminating Plaintiff.  Such factual similarities "weigh[s] heavily against" entry of Rule 54(b) judgment. *See, e.g.*, *Frank Briscoe*, 776 F.2d at 1416.

Keeping in mind "[t]he dangers of profligate Rule 54(b) determinations," *see In re Lindsay*, 59 F.3d at 951, Rule 54(b) certification should be supported by a "**seriously**

4

important reason," *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 882-83 (9th Cir. 2005) (emphasis added).  It "is appropriate only to avoid harsh and unjust results." *Johnson*, No. CV-14-01875-PHX-DGC, at *2 (citing *Morrison-Knudsen*, 655 F.2d at 965).  "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Vota*, No. CV-21-01423-PHX-DWL, at *4 (quoting *First Amendment Coal.*, 2016 WL 4236373, *1.  That party must "show[] a ***pressing need*** for entry of a final judgment," *see Johnson*, No. CV-14-01875-PHX-DGC, at *3 (emphasis added) (citing *Morrison-Knudsen*, 655 F.2d at 965), and "'***a bare desire for certainty and finality***' by one prevailing defendant in multi-defendant litigation '***is not*** the sort of pressing need that courts have found ***sufficient*** to justify certification under Rule 54(b),'" *Source Capital Funding*, No. CV-23-02113-PHX-DWL, at *4 (emphasis added) (quoting *Mi Familia Vota v. Hobbs*, 2022 WL 16636832, *5 (D. Ariz. 2022))."

Here, the only ground expressed by City Defendants to support Rule 54(b) judgment is a vague concern that "City Defendants are entitled to finality in this matter," *see* City Defs.' Mot. 3:15, as "[d]elay means that years could go by with the Defendants hanging in limbo," *id.* 3:16-17.  This is precisely the sort of "bare desire for certainty and finality" that does ***not*** qualify as "the sort of pressing need . . . sufficient to justify certification . . . ." *See Source Capital Funding*, No. CV-23-02113-PHX-DWL, at *4.  City Defendants have not satisfied their burden to "show[] a pressing need for entry of a final judgment," *see, e.g.*, *Johnson*, No. CV-14-01875-PHX-DGC, at *3, and consequently entry of Rule 54(b) judgment is not appropriate.

5

"'Th[e] discretion [as to when to issue Rule 54(b) certification] is to be exercised "in the interest of sound judicial administration."'" *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, at *20 n.8 (D. Ariz. July 21, 2016) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Indeed, due to its crushing caseload, the Ninth Circuit Court of Appeals simply 'cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason.'" *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT (DMF), at *3 (D. Ariz. Aug. 12, 2020) (quoting *Wood*, 422 F.3d at 882). Here, granting City Defendants' Motion would result in just the type of scenario the Ninth Circuit is warning courts to avoid. Moreover, City Defendants, given the chance, have failed in their burden to articulate a reason important enough to justify that scenario – let alone, "a seriously important reason." *See Gomez*, No. CV-18-02740-PHX-JAT (DMF), at *3. Accordingly, the Court should deny City Defendants' Motion to the extent it requests entry of a Rule 54(b) judgment in their favor.

**RESPECTFULLY SUBMITTED** this 31st day of December 2024.

          **MILLS + WOODS LAW, PLLC**

          By */s/ Sean A. Woods*
            Robert T. Mills
            Sean A. Woods
            5055 N 12th Street, Suite 101
            Phoenix, AZ 85014
            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kathleen L. Wieneke
kwieneke@wienekelawgroup.com
Christina Retts
cretts@wienekelawgroup.com
**WIENEKE LAW GROUP, PLC**
lrasmussen@wienekelawgroup.com
mmahler@wienekelawgroup.com
1225 W Washington St., Ste. 313
Tempe, AZ 85288
*Attorneys for Defendants City of Phoenix, Michael Sullivan, Jeri Williams, and Michael Walker*

I also hereby certify that on December 31, 2024, I electronically transmitted a copy of the foregoing document via email to the following:

Lisa Gutierrez
Kennb2021@gmail.com
Kennb2020@gmail.com
400 W Baseline Rd.
Tempe, AZ 85283
*Defendant*


    /s/ Ben Dangerfield

7