Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix, Walker, and Williams*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel,<br><br>Defendants. | NO. 2:23-cv-02156-SPL<br><br>**CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF RULE 54(b) JUDGMENT** |

This is an extraordinary case where the Plaintiff untimely sued the City Defendants, voluntarily dismissed multiple claims (rendering them unappealable on that basis), and also sued his victims for conduct that is subject to multiple layers of immunity (testimonial immunity under *Rehburg* and pursuant to *Ledvina*). This case was stale when it was filed.

1    It has become even more so as Plaintiff allowed it to languish before this Court. After the
2    Court's April 24, 2024 Order dismissing nearly all of Plaintiff's claims, no attempt was
3    made to cure any of the deficiencies on Counts III, V, XV, XVI, XVII, XVIII, and XIX,
4    which were dismissed without prejudice. Abandonment/waiver of the opportunity to
5    amend—within a set and specific time frame provided by this Court—does not provide
6    Plaintiff a basis for appeal. *See Hastings v. Angelone*, 1996 U.S.App. Lexis 13305 (4th Cir.
7    June 4, 1996) ("This court is without jurisdiction to hear an appeal concerning an order
8    dismissing an action without prejudice where the underlying defect could be cured by
9    simple amendment of the complaint."); *Lacey v. Maricopa Cty*., 693 F.3d 896 (9th Cir. 2012)
10   (claims that are voluntarily dismissed are considered waived if they are not repled). Indeed,
11   Plaintiff does not object to dismissal of all claims with prejudice, which should operate as
12   a concession as to the lack of merit and inability to cure the claims dismissed without
13   prejudice (either by Plaintiff or by the Court). *See* Doc. 91, p. 2. The Defendants are entitled
14   to finality now, not years from now.

15        No attempt was made by Plaintiff, for eight months, to take any action to move the
16   remaining claims against the Defendant victims forward. The only reason that Plaintiff
17   appears to have done anything—despite filing two requests for default and not completing
18   this process—is because this Court demanded submission of a Case Management Report.
19   Under Plaintiff's proposed Scheduling Order (which does not include the City Defendants
20   because all claims against them have been dismissed), even more delay will occur. Victim
21   Gutierrez intends to hire a lawyer (which she should do to prevent the manifest injustice of
22   a victim being sued for immunized conduct) and Plaintiff suggests a discovery period that
23   is almost a year long.  (Doc. 91-2, p. 2). When this case is ready for appeal, six or more
24   years will have passed since the oldest causes of action accrued (July 27, 2020 for Counts I
25   and II). *See* Doc. 84, p. 7. This means that, if an appeal was successful on the statute of
26   limitations grounds, the case would not likely be remanded until seven or eight years after
27   the Plaintiff's July 27, 2020, termination and a **decade** after the sexual assaults. This would
28   result in extreme prejudice to the Defendants due to the loss of witnesses and memory.

**I.    THE CLAIMS AGAINST THE VICTIMS ARE DISTINCT FROM THOSE AGAINST THE CITY DEFENDANTS.**

In opposing Rule 54(b) relief, Plaintiff's primary argument is that entry of judgment would compel piecemeal litigation and an "immediate appeal of the Court's dismissal of certain of his claims against them." Doc. 91.  Plaintiff, however, does not identify which claims he contends that he would even appeal, or what legal basis would exist to support such an appeal. Plaintiff is incorrect that "most of the counts were dismissed with prejudice" by this Court.  Doc. 91, p. 3, lns. 17-19. This Court dismissed seven Counts <u>without</u> prejudice and Plaintiff did not amend, thereby abandoning those claims (Counts III, V, XV, XVI, XVII, XVIII, and XIX). Plaintiff then voluntarily dismissed six claims (Docs. 37 & 86).  The statute of limitations continued to run on these claims, and they were not refiled within the six-month period. *See* A.R.S. § 12-504 (A). They are untimely, have been abandoned, and cannot be refiled.[1]

This Court dismissed only <u>eight</u> of the thirteen claims <u>with prejudice</u> (Doc. 84, p. 16).  All eight claims were dismissed due to failure to comply with the one-year statute of limitations. Plaintiff makes no argument that this Court erred in its analysis of the limitations period for any of these eight claims. While Plaintiff alleges that the facts underlying the merits of these dismissed claims are "identical" as between the City Defendants and the victims, this is incorrect.

First, the merits are irrelevant to whether Plaintiff complied with the Notice of Claim ("NOC") and statute of limitations ("SOL"). *See Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015) (in assessing Rule 54(b), courts analyze "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts."). The NOC 180-day requirement and the one-year SOL apply only to the City Defendants and not to the victims. *See* A.R.S. §§ 12-821.01

---

[1] In addition, this Court's ruling on the Motion to Dismiss as to probable cause on the claims dismissed without prejudice, does not overlap with the remaining claims. Probable cause is a matter of law to be determined by the Court and does not implicate the claims against the victim Defendants.

& 12-821. The Ninth Circuit's determination of the timeliness of the NOC and lawsuit is wholly divisible from any of the other claims.

Plaintiff fails entirely to address the differences in the statute of limitations applying to governmental entities/employees (one year) and private citizens (two years and no NOC requirement). Plaintiff also fails to explain how the Ninth Circuit's assessment of timeliness has anything to do with the merits of the remaining claims against the victims. There are no common and intersecting facts between the merits of the claims against the victims and City Defendants' timeliness defenses. Likewise, there is no complexity in applying the NOC and SOL time frames to the facts alleged in Plaintiff's Complaint. *See Caples v. City of Phoenix*, 804 Fed. Appx. 595 (9th Cir. March 9, 2020) (affirming dismissal on statute of limitations grounds without oral argument).

This is not a case where the Ninth Circuit would have any reason to review the same set of facts twice because the sole issue is timeliness. While Plaintiffs cite to *Mi Familia Vota v. Hobbs*, 2022 U.S. Dist. LEXIS 199771 (D.Ariz. Nov. 2, 2022),[2] *Mi Familia* is factually dissimilar and unhelpful to Plaintiff's argument. In *Mi familia Vota*, no statute of limitations defense was raised and the plaintiffs adequately reserved their right to amend dismissed claims.[3] And several live claims remained against the same defendants seeking the relief under Rule 54(b).

Here, in contrast, Plaintiff concedes that the Court should dismiss all claims against the City Defendants with prejudice. In the proposed Case Management Report, Plaintiff states that he does not intend to amend again. *See* Doc. 92, p. 4. Because no claims against

---

[2] For reasons unclear, Plaintiff's case citations are routinely incomplete. Instead of using the Westlaw or Lexis citation, Plaintiff cites only to the District Court case number. This approach required the Defendant to expend additional time to try to locate the cases on LEXIS to avoid paying Pacer fees for locating the same. Plaintiff cites this case as *Vota v. Hobbs*, No. CV-21-01423-PHX-DWL, at *5 (D.Ariz. Nov. 2, 2022).

[3] Plaintiff cites to *Johnson v. Brady*, 2015 U.S. Dist. LEXIS 144263 (D.Ariz. Oct. 23, 2015), but Johnson also did not involve timeliness issues that were distinct from the merits.

4

the City Defendants remain in this litigation this is not a case involving finality as to some claims against the City Defendants, but not others.

Third, even if the merits were somehow relevant, an appeal should proceed now. The City Defendants cannot be bound by the facts determined in a case where they have been dismissed and were not in privity with the victim Defendant(s).[4] The City Defendants would have an opportunity to conduct their own discovery if any claims were remanded. This Rule 54(b) request is not being made <u>after</u> the completion of discovery and does not involve claims remaining against a defendant that are intertwined with dismissed claims against that same defendant. To the contrary, no discovery has been conducted and the Plaintiff is demanding that this Court potentially clog its docket with two tracks of discovery on the merits – one track for the victim Defendant(s) and a <u>repeated second track</u> for the City Defendants if there was a successful appeal.

This second repetitive track, however, would come at great prejudice to the City Defendants due to the extreme passage of time. The victims allege that the sexual assaults occurred on August 26, 2018 (Ramirez- First Amended Complaint "FAC" ¶¶ 45-46), June 1, 2019 (Lee- FAC ¶¶ 115-116), and August 5, 2019 (Gutierrez- FAC ¶ 208, 212). Five to six years have already elapsed since the incidents. Three to five more will likely elapse before an appellate decision. If any claim was subject to remand, the case would start discovery with witness memories that were almost a decade old. The likelihood is high that witnesses would also be unavailable given this delay. This <u>extreme delay</u> makes this a non-routine case where Defendants should be afforded relief pursuant to Rule 54(b).

Next, while Plaintiff vaguely claims that the overlapping "merits" should defeat the City Defendants' request, Plaintiff fails to address the application of the numerous immunities that apply to the Defendant victims. Plaintiff presumes that the Ninth Circuit will determine the "merits," but this is unlikely. In a he-said she-said credibility contest, the Ninth Circuit has little likelihood of addressing whether the events at issue actually

---

[4] Only one victim Defendant is actively participating in the litigation. Plaintiff requested a default as against the other two (but has not completed the process).

occurred. Instead, the Ninth Circuit is more likely to address the legal immunities that apply to bar all claims against the victims, or other alleged trial related errors (having nothing to do with the City Defendants). For example, the victims have immunity for all state law claims for their reports to law enforcement, even if false. *See Ledvina v. Cerasani*, 213 Ariz. 569 (App. Oct 31, 2006) (absolute privilege applies to victim statements made to law enforcement as "putative crime victims in Arizona are entitled to absolute immunity when they complain to police."); *Fappani v. Bratton*, 243 Ariz. 306 (App. Nov. 16, 2017) (applying *Ledvina* immunity to abuse of process claim). Victims also have immunity for any alleged false testimony. *Green Acres Tr. V. London*, 141 Ariz. 609, 613 (1984) (en banc) (Arizona recognizes absolute immunity for statements made in the course of judicial proceedings); *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (witnesses are absolutely immune from liability for testimony at trial); Rehberg v. Paulk, 132 A.Ct. 1497 (witnesses are absolutely immune from liability for testimony before a grand jury); *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000) (absolute witness immunity extends to preparatory activities "inextricably tied" to testimony, such as conspiracies to testify falsely). Many of these same immunities also apply to the City Defendants but were not the basis for this Court's Motion to Dismiss ruling. (Doc. 67, p. 18-19, 22). Under Plaintiff's approach, the Ninth Circuit may have to address these immunities for the two separate sets of Defendants at two separate times, which will not promote judicial economy.

Granting the City Defendants' request appropriately places responsibility on Plaintiff for much of the delay and filing of non-meritorious claims that has wasted taxpayer money. Plaintiff did not timely file his claims, was forced to voluntarily dismiss numerous frivolous claims (causing Defendants to file two Motions to Dismiss), did not take advantage of the Court's opportunity to amend (instead conceding now that all claims should be dismissed with prejudice), and then waited eight months to take any action in the case (and only when this Court required a Case Management Order to be filed).

## II.     CONCLUSION

The Ninth Circuit can and should address the statute of limitations now. The timeliness of the claims has no impact on the remaining claims against the victims and this approach will avoid further delay and prejudice to the Defendants. Granting Defendants' Motion fulfills the goals of Fed.R.Civ.P. 1: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Delay does not provide any speedy justice to the Defendants. To the contrary, it operates as a strategic advantage to the Plaintiff whereby he can seek to deprive the Defendants of important discovery as memories fade and the clock continues to tick.

DATED this 7th day of January 2025.

         WIENEKE LAW GROUP, PLC

      By: */s/ Christina Retts*
        Kathleen L. Wieneke
        Christina Retts
        1225 West Washington Street, Suite 313
        Tempe, Arizona 85288
        *Attorneys for Defendants City of Phoenix, Walker, and Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Sean A. Woods
> Robert T. Mills
> MILLS + WOODS LAW, PLLC
> 5055 North 12th Street, Suite 101
> Phoenix, Arizona 85014
> *Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

> Lisa Gutierrez
> 400 W. Baseline Road
> Tempe, Arizona 85283
> *Defendant Pro Se*

By: /s/ Mica Mahler