**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, | No. CV-23-02156-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court is Defendants City of Phoenix, Jeri L. Williams, Michael Sullivan, and Michael Walker's ("City Defendants") Motion for Entry of Rule 54(b) Judgment (Doc. 88), Plaintiff's Response (Doc. 91), and Defendants' Reply (Doc. 93).

**I.    BACKGROUND**

Plaintiff Sean Pena is a former police officer for the City of Phoenix Police Department. (Doc. 1-1 at 82). On August 26, 2018, Plaintiff arrested Defendant Cynthia Ramirez ("Defendant Ramirez") after he found her having sex in a vehicle. (*Id.* at 87). Plaintiff transported her to jail, and upon arrival, Defendant Ramirez reported to jail staff that Plaintiff had sexually assaulted her. (*Id.* at 89). Defendant Ramirez also provided details of the assault to Defendant Michael Walker ("Defendant Walker"), a Phoenix Police Detective. (*Id.*). In the probable cause statement, Defendant Walker noted that Plaintiff was excluded from the results of a DNA test taken after Defendant Ramirez's sexual assault examination. (*Id.* at 118).

On June 1, 2019, Plaintiff had police contact with Defendant Krystoffer Lee

("Defendant Lee") and found drug paraphernalia in her purse. (Doc. 1-1 at 95). Plaintiff told Defendant Lee that he would let her go if she showed him where she bought drugs. (*Id.*). After Defendant Lee led Plaintiff to the drug house, Plaintiff let her out of the vehicle. (*Id.*). On November 20, 2019, Defendant Lee reported to a Phoenix police officer that Plaintiff sexually assaulted her during that encounter. (*Id.* at 97).

On August 5, 2019, Plaintiff responded to a call involving Defendant Lisa Gutierrez ("Defendant Gutierrez") who contacted the police to report that she was being threatened. (*Id.* at 104). Plaintiff admits to transporting Defendant Gutierrez so that she could help him locate the suspect, but he claims he did so only after voicing opposition because of the earlier accusations that had been made against him. (Doc. 1-1 at 105). Later, Plaintiff attempted to contact Defendant Gutierrez for additional information but when she did not answer his call, he traveled back to her home alone. (*Id.*). Plaintiff claims that after speaking with Defendant Gutierrez, she reported abuse by her fiancé and told Plaintiff to meet her later in an empty lot so that she could give him more details about the abuse. (*Id.*).

On March 9, 2020, Plaintiff was arrested and charged with the sexual assault of Defendant Lee. (*Id.* at 143). On June 19, 2020, the first grand jury convened and indicted Plaintiff on the sexual assault charges related to Defendants Ramirez and Lee. (*Id.* at 106, 120). On July 23, 2020, Defendant Gutierrez reported that Plaintiff sexually assaulted her and threatened to arrest her fiancé on an outstanding warrant. (*Id.* at 107). During an interview with Defendant Walker, Defendant Gutierrez explained that Plaintiff called her and asked her to meet him in the empty field, and then when she did, Plaintiff sexually assaulted her there. (Doc. 1-1 at 108). Plaintiff was arrested and charged with the sexual assault of Defendant Gutierrez on July 24, 2020. (*Id.* at 143). On July 27, 2020, Defendant City of Phoenix terminated Plaintiff's employment. (*Id.* at 125). On August 12, 2020, the second grand jury convened to consider charges based on the accusations of Defendants Ramirez, Lee, and Gutierrez. (*Id.* at 121). On May 19, 2022, Plaintiff was found not guilty of the sexual assault charges related to Defendant Lee. (*Id.* at 103). On August 15, 2022, Plaintiff was acquitted of all charges for the allegations related to Defendants Ramirez and

Gutierrez. (*Id.* at 149, 154).

On February 10, 2023, Plaintiff served his Notice of Claim on the City Defendants. (Doc. 67-1 at 17–29). On August 8, 2023, Plaintiff filed his lawsuit in Maricopa County Superior Court. (Doc. 1-1 at 2–78). On September 7, 2023, Plaintiff filed the operative First Amended Complaint ("FAC") alleging several claims against several entities and individuals. (Doc. 1-1 at 80–159). On December 6, 2023, Plaintiff voluntarily dismissed all claims against the Chief of the Phoenix Police Department Michael Sullivan, the County of Maricopa, and each of the trial and grand jury prosecutors. (Doc. 37 at 1–2). Plaintiff also dismissed Counts XI, XII, XIII, XXI, and XXII, which included his claims related to false imprisonment and arrest, the conspiracy to violate his civil rights, and defamation. (Doc. 37 at 2). This left only Plaintiff's claims against the City Defendants and Defendants Lee, Ramirez, and Gutierrez. (*See* Doc. 37).

On April 24, 2024, the Court granted the City Defendants' Motion to Dismiss (Doc. 67) and dismissed Counts I, II, IV, VI, VII, VIII, IX, and XIV with prejudice. (Doc. 84 at 16). In that Order, the Court dismissed Counts III, V, XV, XVI, XVII, XVIII, and XIX, as well, but it granted Plaintiff leave to file an amended complaint addressing the deficiencies identified in the dismissal order by May 20, 2024. (*Id.* at 17). Plaintiff did not file an Amended Complaint by that time. On June 4, 2024, Plaintiff filed a notice of dismissal of Count X as to the remaining City Defendants. As such, Plaintiff has no outstanding claims against Defendants City of Phoenix, Jeri L. Williams, Michael Sullivan, and Michael Walker. Only Plaintiff's claims against Defendants Lee, Ramirez, and Gutierrez remain active.

On December 12, 2024, City Defendants filed the instant Motion for Entry of Judgment under Rule 54(b) (Doc. 88), which has been fully briefed and is ready for review. (Docs. 91, 93).

## II.    LEGAL STANDARD

Rule 54(b) provides that where, as here, an action involves multiple claims or parties,

1

2

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

3

4

5

Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

Fed. R. Civ. P. 54(b) (emphasis added). "The Rule was adopted 'specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Krause v. Yavapai Cnty.*, No. CV 19-08054-PCT-MTL (ESW), 2020 WL 4530467, at *1 (D. Ariz. Aug. 6, 2020) (alterations omitted) (quoting *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015)). "The Rule thus aimed to augment, not diminish, appeal opportunity." *Id.* (quoting *Jewel*, 810 F.3d at 628). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id.* (internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "In making this determination, it is proper for courts to consider 'whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

20

21

22

23

24

25

26

27

28

The Court may only exercise its discretion to enter a Rule 54(b) final judgment if it first "render[s] an ultimate disposition of an individual claim" and then "find[s] that there is no just reason for delaying judgment on this claim." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016). Courts must consider two prongs when determining whether there is just reason for delaying entry of judgment. *Jewel*, 810 F.3d

at 628. First, the court must analyze "juridical concerns," including "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id.* Second, courts conduct an "equitable analysis" in which they "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

## III.    DISCUSSION

First, the Court finds that there has been an ultimate disposition of Plaintiff's claims against the City Defendants. Specifically, Counts I, II, IV, VI, VII, VIII, IX, and XIV were dismissed with prejudice. (Doc. 84 at 16). Plaintiff voluntarily dismissed Counts X, XI, XII, XIII, XXI, and XXII well more than six months ago. Pursuant to A.R.S. § 12-504(A), plaintiffs must seek leave of the court within six months of voluntarily dismissing claims in order to refile those claims. A.R.S. § 12-504(A). Lastly, with respect to Counts III, V, XV, XVI, XVII, XVIII, and XIX, which the Court dismissed with leave to amend, in the Court's April 22, 2024 dismissal Order, the Court advised Plaintiff that if he did not file a Second Amended Complaint by May 20, 2024 that addressed the deficiencies identified in that Order, these claims would be dismissed with prejudice. (Doc. 84 at 17). Plaintiff did not file an amended complaint by the Court's ordered deadline, nor has he moved to amend these claims with any argument for good cause for delay. In his Response, Plaintiff stated that he did not object to City Defendants' request that all of his claims against City Defendants be dismissed with prejudice. (Doc. 91 at 2 n.1) Thus, the Court need only consider whether juridical concerns and equitable principles demonstrate that there is no just reason for delaying judgment on Plaintiff's claims against the City Defendants.

With respect to juridical concerns, the Court agrees with Plaintiff that the claims against City Defendants involve related facts and causes of action. (*Id.* at 4). However, the Court notes that the legal theories underlying dismissal and the relevant facts as to the claims against the City Defendants are independent as compared to the still-pending claims against Defendants Lee, Ramirez, and Gutierrez. As City Defendants note, Counts I, II, IV, VI, VII, VIII, IX, and XIV fall outside the statute of limitations set forth in A.R.S. § 12-

821.01, Arizona's notice of claim statute for suits against public employees. (Docs. 84 at 16; 93 at 3). Because the remaining Defendants are not public employees and are thus subject to a different statute of limitations, there is a low risk of the Ninth Circuit considering the same issues on successive appeals. Likewise, with respect to the claims dismissed without prejudice, Plaintiff's malicious prosecution claims involve legal and factual analysis that differs greatly between the City Defendants, who are state and local officials, and the remaining civilian defendants. (*See* Doc. 84 at 13 (discussing legal standard for analyzing malicious prosecution claims against investigating officers)). The other claims dismissed without prejudice—aiding and abetting and conspiracy claims— rely on underlying torts dismissed for the reasons discussed above, which differ from the analysis that an appellate court would apply to the claims against the remaining civilian defendants. Nor do Plaintiff's voluntarily dismissed claims—Count X (Tortious Interference with Contract), Counts XI and XII (False Arrest and Imprisonment), Count XIII (Instigating or Participating in False Arrest and Imprisonment), and Count XXI (Violation of Plaintiff's Civil Rights Under 42 U.S.C. § 1985 – Civil Conspiracy to Violate Plaintiff's Civil Rights)—pose a risk of successive appellate review of identical facts.

First, the Court finds it unlikely that Plaintiff could appeal the claims he voluntarily dismissed and the claims this Court dismissed without prejudice and with leave to amend. In assessing whether plaintiffs must replead claims in subsequent amended complaints in order to preserve those claims for appeal, the Ninth Circuit has held:

> For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.

*Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Other district courts in the Ninth Circuit have applied this holding to determine that claims not repled after dismissal with leave to amend constitute voluntarily dismissed claims. *See Lao v. Recontrust Co.*, SACV121929JSTJPRX, 2013 WL 12130565, at *2 (C.D. Cal. Apr. 3, 2013) ("[A] plaintiff's failure to replead claims after being given leave to amend constitutes a voluntary

dismissal and waiver of those claims for purposes of appeal[.]"). Thus, the Court finds it likely that Plaintiff waived appellate review for the claims he voluntarily dismissed and those he failed to replead upon leave from this Court.

Second, even if Plaintiff's voluntarily dismissed claims were able to be appealed, the legal issues and facts relevant to the merits differ greatly between the civilian defendants, who Plaintiff alleges falsely accused him of sexual assault and falsely testified against him, and the City Defendants, who are government entities and employees that conducted the ensuing investigations and terminated Plaintiff's employment. Moreover, as City Defendants note in their Reply (Doc. 93 at 5), no discovery has been conducted yet, and as the City Defendants have been terminated, they will not be participating in discovery. Thus, rather than a risk of "successive appeals that would turn largely on identical, and interrelated, facts," a delay in final judgment and the opportunity to appeal would pose a risk of duplicative discovery and trials. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005). As the case is still in the early stages of discovery, duplicative discovery could best be avoided now, and therefore, entry of final judgment will promote judicial efficiency. In other words, should this case be appealed and remanded with respect to the City Defendants, only then would the City Defendants meaningfully participate in discovery. In the interest of streamlining this litigation, it would be better for that to happen sooner than later.

As to equitable considerations, the Court also agrees with City Defendants that denying Plaintiff the opportunity to appeal now would mean that his claims against the City Defendants would hang in limbo until Plaintiff's claims against Defendants Lee, Ramirez, and Gutierrez are resolved and final judgment is entered. (*See* Doc. 88 at 3). Given that this case was filed in September 2023, is only just beyond the motion to dismiss stage and the issuance of a Rule 16 Case Management Order, and that the underlying facts took place several years ago, this delay could be substantial. This risk is especially pertinent considering Plaintiff's delays in prosecuting this action, including his delay in seeking default judgment against Defendants Ramirez and Lee, despite the Clerk's entry of default

against those defendants on December 27, 2023. (Docs. 59, 60). City Defendants contend that a lengthy delay would prejudice both parties in the form of unavailability of witnesses and faded memories. (Doc. 93 at 5). All told, the Court finds that the equities weigh in favor of granting City Defendants' Motion. The Court is not aware of any harm that will be caused to Plaintiff by entering final judgment on his claims against the City Defendants. This total lack of harm is outweighed by the harm put forth by City Defendants, despite their harm being somewhat speculative. At the least, a significant delay could occur. In turn, that delay could cause a host of other issues for both parties.

In sum, the Court finds no just reason for delaying the entry of judgment as to the dismissed defendants and claims. Accordingly,

**IT IS ORDERED** that Defendants City of Phoenix, Jeri L. Williams, Michael Sullivan, and Michael Walker's Motion for Entry of Rule 54(b) Judgment (Doc. 88) is **granted**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b), the Court determines there is no just reason for delay of entry of partial final judgment. Accordingly, the Clerk is directed to:

1. enter final judgment in favor of Defendants City of Phoenix, Jeri L. Williams, Michael Sullivan, and Michael Walker; and
2. dismiss with prejudice all claims against Defendants City of Phoenix, Jeri L. Williams, Michael Sullivan, and Michael Walker.

Dated this 17th day of April, 2025.

Honorable Steven P. Logan
United States District Judge