Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Pena, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Jeri L. Williams, former Chief of the Phoenix Police Department; Deputy Maricopa County Attorney Jeffrey Roseberry and Jane Doe Roseberry; Maricopa County Deputy Attorney Catherine Fu and John Doe Fu; Maricopa County Deputy Attorney Sandra Anderson and John Doe Anderson; Maricopa County Attorney Samantha Caplinger and John Doe Caplinger; Maricopa County Attorney Michael Baker and Jane Doe Baker; Michael Walker; and Jane Doe Walker; Cynthia Ramirez; Krystoffer Lee; Lisa Gutierrez; Jarrett Maupin and Jane Doe Maupin; and Iesha Stanciel and John Doe Stanciel, <br><br> Defendants. | Case No.: CV-23-02156-PHX-SPL <br><br> **PLAINTIFF'S MOTION TO STRIKE DEFENDANT LISA GUTIERREZ' MOTION TO DISMISS & RESPONSE TO REQUESTS FOR ADMISSION** <br><br> (Assigned to the Honorable Steven P. Logan) |

Through counsel undersigned and pursuant to Rule 7.2(m)(1) of the Local Rules of Civil Procedure, Plaintiff Sean Pena ("Plaintiff") hereby moves to strike the "Motion to

dismiss and Response for Admission" ("Defendant's Filing") filed by Defendant Lisa Gutierrez ("Defendant"), as Defendant's filing is prohibited and/or not authorized by the applicable Case Management Order and multiple Rules of Civil Procedure. Defendant's Filing contains both a "Motion to Dismiss" (the "Motion") and a Response to Plaintiff's Requests for Admission (the "Discovery Response"), both of which violate the Case Management Order and multiple Rules. Thus, Defendant's Filing must be stricken in its entirety.

A party may move "to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." L.R. Civ. P. 7.2(m)(1). The Motion should be struck for multiple reasons. To the extent it amounts to a motion to dismiss, it violates Rule 12, which states that such a motion "must be made *before* pleading if a responsive pleading is allowed." *See* Fed. R. Civ. P. 12(b) (emphasis added). Here, Defendant already filed her responsive pleading back on December 12, 2023. *See* Def.'s Answer, ECF No. 45. Accordingly, she cannot now move to dismiss. *See* Fed. R. Civ. P. 12(b). Moreover, it violates Local Rule 12.1(c), which requires pre-filing notice to the opposing party "of the issues asserted in the motion," as well as an included certification to that effect. Here, Defendant did not give pre-filing notice, nor did she include a certification in her Filing.

To the extent the Motion amounts to a motion to dismiss, it also violates the Case Management Order, in two respects. First, it was filed after the January 30, 2026 deadline for filing dispositive motions. *See* Case Mgmt. Order 4:10-11, Jan. 10, 2025, ECF No. 95.

Second, it was filed without the requisite pre-filing conferral and accompanying certification. *See id.* 4:15-26.

Additionally – to the extent, if any, the Motion amounts to a motion for summary judgment, it violates Rule 56 in myriad ways. *See, e.g.,* Fed. R. Civ. P. 56(a) (requiring motion to "identify[] each claim or defense . . . on which summary judgment is sought"), 56(c) (motion must cite to facts in the record, such as affidavits). It similarly violates Local Rule 56.1. *See* L.R. Civ. P. 56.1(a) (requiring separate a statement of facts comprised of numbered paragraphs with citations to the record). Moreover, it also violates the deadline for dispositive motions set forth in in the Case Management Order, *see* Case Mgmt. Order 4:10-11, as well as that Order's pre-filing conferral and certificate requirements, *see id.* 4:27-5:6.

Moreover, to the extent, if any, that the Motion amounts to a Response to Plaintiff's Motion for Summary Judgment, it also violates Rule 56, *see, e.g.,* Fed. R. Civ. P. 56(c) (requiring disputations of fact to be supported with citations to the record, such as affidavits) and Local Rule 56.1, *see* L.R. Civ. P. 56.1(b) (requiring nonmovant to file separate, controverting statement of facts comprised of numbered paragraphs with citations to the record).

Finally, with respect to Defendant's Response to Plaintiff's Requests for Admission (the "Discovery Response"), it should also be stricken. Plaintiff's Requests for Admission were served to Defendant on October 29, 2025. Def.'s Filing 7:13-14. The Discovery Response was filed and served on February 4, 2026. As the Discovery Response was served much later than thirty days after Plaintiff's Requests for Admission were served, all

the requests for admission therein were already deemed admitted by November 28, 2025. *See* Fed. R. Civ. P. 36(a)(3). Despite that, the Discovery Response improperly attempts to "Deny" all but one of Plaintiff's Requests. *See* Def.'s Filing at 6-7. The Discovery Response must also be stricken.

Though Defendant is proceeding *pro se*, she still must comply with applicable rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *Carter v. C.I.R.*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which [s]he litigates"). For all of the foregoing reasons, Defendant's Filing, which consists of both the Motion and the Discovery Response, should be stricken in full.

**RESPECTFULLY SUBMITTED** this 18th day of February 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 N 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, I electronically transmitted the foregoing document to the Clerk's Office and the following ECF registrant via ECF, and also to the following via email:

4

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Lisa L. Gutierrez
Kennb2021@gmail.com (Via email)
Kennb2020@gmail.com (Via ECF)
400 W Baseline Rd., Lot 330
Tempe, AZ 85283
(480) 294-8236
*Defendant*

      */s/ Ben Dangerfield*

5