**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Sean Pena,

Plaintiff,

vs.

City of Phoenix, et al.,

Defendants.

No. CV-23-02156-PHX-SPL

**ORDER**

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 105), Defendant Gutierrez's Motion to Dismiss and Response for Admissions (Doc. 111), and Plaintiff's Motion to Strike (Doc. 112). Before reaching the merits of the instant Motions, the Court *sua sponte* raises the issue of subject-matter jurisdiction.

**I. Background**

Plaintiff Sean Pena is a former police officer for the City of Phoenix Police Department. (Doc. 1-1 at 82). On August 26, 2018, Plaintiff arrested Defendant Cynthia Ramirez ("Defendant Ramirez") after he found her having sex in a vehicle. (*Id*. at 87). Plaintiff transported her to jail, and upon arrival, Defendant Ramirez reported to jail staff that Plaintiff had sexually assaulted her. (*Id*. at 85, 89). Defendant Ramirez also provided details of the assault to Defendant Michael Walker ("Defendant Walker"), a Phoenix Police Detective. (*Id*.). In the probable cause statement, Defendant Walker noted that Plaintiff was excluded from the results of a DNA test taken after Defendant Ramirez's sexual assault

examination. (*Id*. at 118-19).

On June 1, 2019, Plaintiff had police contact with Defendant Krystoffer Lee ("Defendant Lee") and found drug paraphernalia in her purse. (Doc. 1-1 at 94-95). Plaintiff told Defendant Lee that he would let her go if she showed him where she bought drugs. (*Id*.). After Defendant Lee led Plaintiff to the drug house, Plaintiff let her out of the vehicle. (*Id*.). On November 20, 2019, Defendant Lee reported to a Phoenix police officer that Plaintiff sexually assaulted her during that encounter. (*Id*. at 96-97).

On August 5, 2019, Plaintiff responded to a call involving Defendant Lisa Gutierrez ("Defendant Gutierrez") who contacted the police to report that she was being threatened. (*Id*. at 104). Plaintiff admits to transporting Defendant Gutierrez so that she could help him locate the suspect, but he claims he did so only after voicing opposition because of the earlier accusations that had been made against him. (Doc. 1-1 at 105). Later, Plaintiff attempted to contact Defendant Gutierrez for additional information, but when she did not answer his call, he traveled back to her home alone. (*Id*.). Plaintiff claims that after speaking with Defendant Gutierrez, she reported abuse by her fiancé and told Plaintiff to meet her later in an empty lot so that she could give him more details about the abuse. (*Id*.).

On March 9, 2020, Plaintiff was arrested and charged with the sexual assault of Defendant Lee. (*Id*. at 143). On June 19, 2020, the first grand jury convened and indicted Plaintiff on the sexual assault charges related to Defendants Ramirez and Lee. (*Id*. at 106, 120). On July 23, 2020, Defendant Gutierrez reported that Plaintiff sexually assaulted her and threatened to arrest her fiancé on an outstanding warrant. (*Id*. at 107). During an interview with Defendant Walker, Defendant Gutierrez explained that Plaintiff called her and asked her to meet him in the empty field, and then when she did, Plaintiff sexually assaulted her there. (Doc. 1-1 at 108). Plaintiff was arrested and charged with the sexual assault of Defendant Gutierrez on July 24, 2020. (*Id*. at 143). On July 27, 2020, Defendant City of Phoenix terminated Plaintiff's employment. (*Id*. at 125). On August 12, 2020, a second grand jury convened to consider charges based on the accusations of Defendants Ramirez, Lee, and Gutierrez. (*Id*. at 121). On May 19,

2022, Plaintiff was found not guilty of the sexual assault charges related to Defendant Lee. (*Id*. at 103). On August 15, 2022, Plaintiff was acquitted of all charges for the allegations related to Defendants Ramirez and Gutierrez. (*Id*. at 149, 154).

On February 10, 2023, Plaintiff served his Notice of Claim on the City Defendants. (Doc. 67-1 at 17–29). On August 8, 2023, Plaintiff filed his lawsuit in Maricopa County Superior Court. (Doc. 1 at 2; Doc. 1-1 at 2–78). On September 7, 2023, Plaintiff filed the operative First Amended Complaint ("FAC") alleging several claims against several entities and individuals. (Doc. 1-1 at 80–159). On December 6, 2023, Plaintiff voluntarily dismissed all claims against the Chief of the Phoenix Police Department Michael Sullivan, the County of Maricopa, and each of the trial and grand jury prosecutors. (Doc. 37 at 1–2; *see* Doc. 1-1 at 5-6). Plaintiff also dismissed Counts XI, XII, XIII, XXI, and XXII, which asserted claims for false imprisonment and arrest, conspiracy to violate his civil rights, and defamation. (Doc. 37 at 2). Plaintiff further dismissed Counts XVII, XVIII, XIX, and XX as to Defendants Krystoffer Lee, Lisa Gutierrez, Cynthia Ramirez, Jarrett Maupin, Jane Doe Maupin, Iesha Stanciel, and John Doe Stanciel. (*Id*.). This left only Plaintiff's claims against the City Defendants and Defendants Lee, Ramirez, and Gutierrez. (*See* Doc. 37).

On April 24, 2024, the Court granted the City Defendants' Motion to Dismiss (Doc. 67) and dismissed Counts I, II, IV, VI, VII, VIII, IX, and XIV with prejudice. (Doc. 84 at 16). In that Order, the Court dismissed Counts III, V, XV, XVI, XVII, XVIII, and XIX, as well, but it granted Plaintiff leave to file an amended complaint addressing the deficiencies identified in the dismissal order by May 20, 2024. (*Id*. at 16-17). Plaintiff did not file an Amended Complaint by that time. On June 4, 2024, Plaintiff filed a notice of dismissal of Count X as to the remaining City Defendants. (Doc. 86). On April 18, 2025, the Court entered final judgement in favor of City Defendants and dismissed all claims against them with prejudice. (Doc. 101). As such, only Plaintiff's state law claims against Defendants Lee, Ramirez, and Gutierrez as individuals, under Count X (tortious interference) and Count XXII (defamation), remain active.

///

**II. Discussion**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is well settled that "a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974). After the basis for removal is dropped, it is within the Court's discretion whether to hear the rest of the action or remand it to the state court from which it was removed. *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). While not required, it is preferrable for district courts to consider this discretion by weighing the *Gibbs* values of economy, convenience, fairness, and comity. *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted), *superseded by statute as stated in Royal Carin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

Here, the Court has not made any findings on the merits of Plaintiff's claims against the remaining Defendants. Weighing the *Gibbs* values, the balance indicates that this case properly belongs in state court. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014) ("[T]he district court may remand at any time prior to final judgment for lack of subject matter jurisdiction . . . ."); *Los Alamitos Med. Ctr., Inc. v. Local Initiative Health Auth. For L.A.*, 680 F.Supp.3d 1169, 1177 (C.D. Cal. 2023) ("Ordinarily, where the federal claims are dismissed prior to trial, 'the state law claims should be dismissed as well.'" (quoting *Gibbs*, 383 U.S. at 726)).

///

///

///

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **remand** this case to the Maricopa County Superior Court and **terminate** this case.

**IT IS FURTHER ORDERED** that the Court will not rule on the remaining motions (Docs. 105, 111-12) and they shall be administratively terminated by the Clerk of Court.

Dated this 17th day of September, 2026.

Honorable Steven P. Logan
United States District Judge